# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN GUYTON,** | : | **Civil No. 3:11-CV-1390** |
| | : | |
| **Plaintiff** | : | |
| | : | **(Judge Caputo)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **MR. LAPPIN, et al.** | : | |
| | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

The plaintiff, a prisoner at the United States Penitentiary, Canaan, commenced this action by filing a *pro se* complaint on July 26, 2011. (Doc. 1.) In his complaint Guyton named numerous correctional staff, both in this district and elsewhere, along with a private criminal defense attorney in Denver, Colorado. Guyton alleges that these defendants have collectively violated his constitutional rights by failing to appropriately respond to Guyton's requests for a prison transfer, a transfer that Guyton alleges is necessary for security reasons because he is a federal witness in an on-going murder case. (Id.)

Guyton's complaint sought damages from these defendants, and also demanded wide-ranging injunctive relief in the form of court orders which would, *inter alia*: (1) direct that Guyton be housed in a half-way house Hawaii, with the Bureau of Prisons providing him with a new wardrobe, and bus passes; (2) compel prison officials to give

Guyton a single cell pending his removal to the prison of his choice in Hawaii; and (3) instructing the United States Department of Justice to meet with Guyton and assist him in filing a criminal complaint against people who he alleges attempted to coerce his testimony in some other proceedings. Along with his complaint, Guyton filed a motion for leave to proceed *in forma pauperis*, (Doc. 2) which we granted. (Doc. 7.) We also directed service of this complaint on the defendants, since at least some of the allegations and claims made by Guyton may warrant further response and consideration by the courts.

As part of our on-going, statutorily-mandated screening process, we have determined, however, that venue does not appear to lie over certain defendants and claims set forth in the complaint. Specifically, Guyton's complaint names eight defendants who do not reside in this district and took no actions in this district relating to Guyton. These defendants include: unnamed prison staff in Grand Prairie, Texas; correctional supervisors and staff at the United States Penitentiary, Pollock, Louisiana; Correctional Officer Justin Morrow, at the United States Penitentiary Victorville, California; and a private criminal defense attorney in Denver, Colorado. Because we find that the court lacks venue over these defendants and claims, and the claims are not properly joined with the allegations set forth in the complaint with respect to defendants in this district, it is recommended that these defendants and claims either

be dismissed from this action, without prejudice, or transferred to the United States District Courts which have venue of the matters set forth in the complaint.

## II.   Discussion

### A.   Screening of Prisoner Pro Se Complaints

This Court has a statutory obligation to conduct a preliminary review of *pro se* pleadings from prisoners which seek redress against government officials. Specifically, we are obliged to review these pleadings pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**. - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a  prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> **(b) Grounds for dismissal**. - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be  granted . . . .

Under Section 1915A, the Court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted."  This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (12007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff.  Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994).  However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged."  Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a

plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. 1937 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual

allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter <u>Iqbal,</u> when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

<u>Fowler</u>, 578 F.3d at 210-11.

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations

which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

**B.**   **Venue Is Not Proper in the District With Respect to Defendants Who Are Alleged to Have Committed Disparate Acts in Different States**

Upon review, we note that Guyton's complaint names eight defendants who do not reside in this distirct and took no actions in this district relating to Guyton. These defendants include: unnamed prison staff in Grand Prairie, Texas; correctional supervisors and staff at the United States Penitentiary, Pollock, Louisiana; Correctional Officer Justin Morrow, at the United States Penitentiary, Victorville, California; and a private criminal defense attorney in Denver, Colorado.

With respect to these claims and defendants, Guyton's complaint runs afoul of a threshold obstacle:  venue plainly does not lie in this district. As to these putative defendants the assertions in this federal civil rights action include alleged misconduct by prison officials in Louisiana, Texas, and California, as well as by a private attorney in Colorado. In such cases, where alleged violations of the United States Constitution form the basis for the court's jurisdiction, 28 U.S.C. § 1391(b) defines the proper venue and provides that an action should:

> be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action

is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

In this case, as to Texas, Louisiana, Colorado and California defendants it appears from Guyton's complaint that, "a substantial part of the events or omissions giving rise to the claim occurred" in those states. Moreover, it appears that all of these defendants either reside in, or may be found in, Texas, Louisiana, Colorado and California. Therefore, these matters and defendants all fall within the venue of other federal courts, and are not properly before this court.

Guyton cannot save these claims by arguing that they are part of some singular scheme, since it appears that these events are discrete acts, committed by disparate actors, at widely different times and places. Where, as here, a complaint alleges different acts, by disparate actors, committed at separate and distinct times and places, joinder of these events in a single venue is not appropriate under Rule 20. See, e.g.,Mincy v. Klem, 303 F.App'x 106 (3d Cir. 2008); Swan v. Ray, 293 F.3d 1252 (11th Cir. 2002); Wilson v. Kerestes, No. 10-1174, 2010 WL 4861122 (M.D. Pa. Oct. 1, 2010); Bricker v. Harlow, No. 09-582, 2009 WL 1743905 (M.D.Pa. June 17, 2009); Bay v. City of Philadelphia, No. 03-5358, 2005 WL 950608 (E.D. Pa. April 20, 2005).

While an objection to venue may be waived by a defendant, this court is permitted *sua sponte* to raise the issue of an apparent lack of venue, provided the court

gives the plaintiff notice of its concerns and an opportunity to be heard on the issue.

See e.g., Stjernholm v. Peterson, 83 F.3d 347, 349 (10th Cir. 1996)(" a district court

may raise on its own motion an issue of defective venue or lack of personal

jurisdiction; but the court may not dismiss without first giving the parties an

opportunity to present their views on the issue."); Costlow v. Weeks, 790 F.2d 1486,

1488 (9th Cir. 1986). Through  the filing of this report and recommendation we are by

providing such notice to the plaintiff in this case that some of these defendants and

claims are not properly brought in this district.

When it appears that a case has been brought against some defendants in the

wrong venue, there are two potential remedies available to the court. First, the court

may dismiss the action for lack of venue pursuant to 28 U.S.C. §1406, and  Rule

12(b)(3) of the Federal Rules of Civil Procedure. However, the court may also, in the

interests of justice, provide another form of relief, one which ensures that venue is

proper without prejudicing the rights of any plaintiffs. Under 28 U.S.C. § 1406:

> The district court of a district in which is filed a case laying venue in the
> wrong . . . district shall dismiss, or if it be in the interest of justice,
> transfer such case to any district . . . in which it could have been brought.

28 U.S.C.A. § 1406(a.)

In this case, it is submitted that, in order to protect the plaintiff's rights as a *pro

se* litigant, the Court should either dismiss these claims and defendants relating to

matters occurring in Texas, Louisiana, California and Colorado or, in the alternative, order these claims and defendants transferred to the appropriate districts for further proceedings.[1]

## III.   **Recommendation**

Since the complaint reveals that venue does not lie in this district over eight of the defendants named in this action it is recommended that the Court enter an order pursuant to 28 U.S.C.  § 1406, either dismissing these defendants, without prejudice, or transferring these defendants and claims to the United States District Court s which have venue of the matters set forth in the complaint.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local

---

[1]Such a transfer order avoids any unintended prejudice to the plaintiff which might flow from a dismissal of this action on venue grounds. See Burnett v. New York Cent. R. Co., 380 U.S. 424, 430 (1965). Moreover, addressing the lack of venue in this fashion would not constitute a ruling on the merits of the plaintiff's claims, thus assuring that the plaintiff can have his case heard on its merits in the proper forum. See 18 Wright, Miller & Cooper Federal Practice and Procedure, § 4436, at 338 (stating that "a dismissal for lack of jurisdiction or improper venue does not operate as an adjudication upon the merits") (footnote omitted).

Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified   proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 6th day of October, 2011.

*S/MARTIN C. CARLSON*
Martin C. Carlson
United States Magistrate Judge